**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LINDA JACKSON for D. D.N.,**

        **Plaintiff,**

-vs-                                             **Case No. 6:03-cv-1615-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNCONTESTED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 20)** |
| **FILED:** | **October 27, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, Linda Jackson, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on July 29, 2005. Doc. No. 19. An award of fees and expenses is, therefore, ripe for consideration.

Jackson's attorney, Juan C. Gautier, Esq., seeks $2,835.35 in attorney's fees for 18.75 hours of work. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index. 28 U.S.C. § 2412(d)(2)(A). In 2003, when the action was initiated, Gautier worked 2.75 hours. (Doc. 20-2,

exhibit A). In the past, this Court has approved an hourly rate of $147.73 for work performed in 2003. *See, e.g.*, *Jones v. Barnhart*, No. 6:03-cv-101-Orl-KRS, Doc. No. 27 (M.D. Fla. July 28, 2004). Therefore, Gautier is entitled to $406.26 for work done in 2003. In 2004, Gautier worked 14.15 hours. In past cases, this Court has approved an hourly rate of $151.53 for work performed in 2004. *See, e.g.*, *Curet v. Cmm'r*, No. 6:03-cv-1469-18DAB, Doc. No. 34 (M.D. Fla. Sept. 29, 2004). Therefore, Gautier is entitled to $2,144.15 for work done in 2004. In 2005, Gautier worked 1.85 hours. In past cases, this Court has approved an hourly rate of $153.10 for work performed in 2005. *See, e.g.*, *Allemand v. Comm'r*, No. 6:03-cv-1468-Orl-KRS, Doc. No. 28 (M.D. Fla. June 14, 2005). Therefore, Gautier is entitled to $283.24 for work done in 2005. In total, Gautier is entitled to receive $2,833.65.

The defendant, the Commissioner of Social Security, does not oppose these hourly rates or the number of hours worked. After reviewing the papers submitted by Jackson, I find that the fees requested are appropriate in the absence of objection.

Jackson also seeks reimbursement for $34.24 in expenses and $150.00 in costs. The Commissioner does not oppose these expenses and costs. Because there is no objection to these expenses and costs, I find that the expenses and costs were necessarily incurred as part of the litigation.

It is, therefore, ORDERED that Jackson is awarded $2,833.65 in attorney's fees and $34.24 in expenses and $150.00 in costs.

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties